2013 UT App 64

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

JASON LEE POWELL,

*Defendant and Appellant.*

Per Curiam Decision
No. 20110797-CA
Filed March 14, 2013

Third District, Salt Lake Department
The Honorable Denise P. Lindberg
No. 091910094

Peter Daines and Scott A. Wilson,
Attorneys for Appellant
John E. Swallow and Andrew F. Peterson,
Attorneys for Appellee

Before JUDGES DAVIS, VOROS, and CHRISTIANSEN.

PER CURIAM:

¶1      Jason Lee Powell appeals from his convictions of aggravated robbery and criminal trespass. We affirm.

¶2      When evaluating a challenge to the sufficiency of the evidence, appellate courts "review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury." *State v. Shumway*, 2002 UT 124, ¶ 15, 63 P.3d 94. "So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the

crime can reasonably be made, our inquiry stops." *State v. Boyd*, 2001 UT 30, ¶ 16, 25 P.3d 985.

¶3      Powell argues that the evidence was insufficient to convict him on the aggravated robbery charge because the evidence did not establish that he "used" a dangerous weapon. Although he concedes that a knife was present, he contends that "use" requires a more active employment of the knife than merely having it in his hand. However, it is well established that the use of a dangerous weapon does not require an affirmative act of, for example, pointing or jabbing at a victim. *State v. Graham*, 2011 UT App 332, ¶ 29, 263 P.3d 569. "[A] defendant 'uses' a dangerous weapon when he or she exhibits the weapon for the purpose of creating fear in the victim." *State v. Weisberg*, 2002 UT App 434, ¶ 19, 62 P.3d 457 (citation omitted). Here, Powell approached the victim with his face concealed and a knife open and visible in his hand and told the victim to give him her purse. It is reasonable to infer from these facts that the knife was present and displayed with the intent to cause fear in the victim. Accordingly, the jury had sufficient evidence to convict Powell of aggravated robbery.

¶4      Powell also asserts that the evidence was insufficient to convict him of criminal trespass because the evidence was inconclusive regarding whether he fully entered the apartment to which he fled after the robbery. However, the apartment occupant testified that Powell "rushed in" and that the occupant's father-in-law "was able to grab him and then push him back outside." This testimony is sufficient for the jury to find that Powell was inside the apartment, even if only briefly. Accordingly, the evidence was sufficient to support the conviction for criminal trespass.

¶5      Affirmed.

————————————